### FOUNDATION CO. v. O'ROURKE ENGINEERING CONST. CO.

(Circuit Court of Appeals, Second Circuit.   November 9, 1915.)

No. 100.

1. PATENTS &mdash;328—VALIDITY AND INFRINGEMENT—PNEUMATIC CAISSONS.
   The Moran patents, No. 759,388, claims 1 and 6, and No. 759,389, claims 2, 4, 7, and 9, both patents being for improvements in pneumatic caissons, *held* valid and infringed. Claim 6 of the latter patent *held* not infringed.
2. PATENTS &mdash;328—VALIDITY AND INFRINGEMENT—SHAFTING FOR CAISSONS.
   The Moran & Doty patents, No. 828,761 and No. 828,861, both for improvements in shafting for caissons, *held* valid and infringed.

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by the Foundation Company against the O'Rourke Engineering Construction Company. Decree for complainant, and defendant appeals. Affirmed.

On appeal from a decree which held valid and infringed claims 1 and 6 of patent No. 759,388 granted to D. E. Moran, May 10, 1904,

for improvements in pneumatic caissons, and claims 2, 4, 6, 7, and 9 of patent No. 759,389, granted to the same inventor for similar improvements.

The District Court also held valid and infringed claims 1, 2, 4, 5, 6, 7, 10, and 11 of patent No. 828,761, granted August 14, 1906, for improvements in caissons to Moran & Doty, and also claims 1, 4, 5, 7, 9, 17, 18, and 19 of patent No. 828,861 for improvements in shafting for caissons granted to the same inventors.

D. Anthony Usina, of New York City, for appellant.

William A. Redding and William B. Greeley, both of New York City, for appellee.

Before LACOMBE, COXE, and ROGERS, Circuit Judges.

PER CURIAM. [1, 2] Judge Hunt has made a clear statement of the improvements covered by the claims in issue and a careful analysis of the various defenses and alleged anticipations urged by the appellant. We agree with him except as to claim 6 of No. 759,389. This claim as originally inserted was as follows: "A caisson having a cutting edge of masonry." After the trial, but prior to the final submission of the case, the plaintiff filed a disclaimer which limited this claim to concrete, so that it read: "A caisson having a cutting edge of concrete." It is not contended that the alleged infringing structure has a cutting edge of concrete. All that counsel for the plaintiff asserts in this particular is that "the cutting edge of the Walker-Lispenard caissons is backed solidly by concrete and its face half concrete and half iron." In other words, the contention is that a cutting edge half iron and half concrete is a cutting edge of concrete. We are unable to agree with this contention, as the claim is expressly limited to a cutting edge of concrete.

The decree is affirmed, with costs, but with half costs only as to patent No. 759,389.